CHARLES E. HOLTON ET AL., APPELLANTS, V. GEORGE I.
SAMPSON ET AL., APPELLEES.

FILED MARCH 5, 1908.   No. 15,349.

1. **Statutes: REPEAL.** Repeals by implication are not favored, and,
   when two statutes dealing with the same or similar subjects do
   not conflict one with the other, the later statute will not work a
   repeal of the earlier one.

2. ———: ———. Chapter 59, laws 1905, known as the "Juvenile
   Court Bill," *held* not to repeal chapter 36, laws 1897.

APPEAL from the district court for Otoe county: PAUL
JESSEN, JUDGE.   *Affirmed.*

*John C. Watson, O. G. Leidigh* and *A. P. Moran,* for
appellants.

*D. W. Livingston, contra.*

DUFFIE, C.

December 21, 1906, George I. Sampson filed a complaint
in writing before W. W. Wilson, county judge of Otoe
county, Nebraska, wherein it was charged that Charles E.
Holton and Sarah S. Holton, the parents of two minor
children, aged five and thirteen years, were not capable
of giving said children proper care and attention, and
were not suitable persons to have the care, custody and
control of said children.   This complaint was filed under
the provisions of chapter 36, laws 1897, being "An act
defining cruelty to children, prescribing punishment
therefor, and for guardianship of children in certain
cases."   See Comp. St. 1903, ch. 34, secs. 41-46.   The
parents questioned the jurisdiction of the county court
to entertain the complaint, or to make any order relating
to the custody of the children, upon the ground that the
statute had been repealed by chapter 59, laws 1905, more
popularly known as the "Juvenile Court Bill."   The county
court overruled these objections, retained jurisdiction of

the case, and made an order committing the children to
the custody of the Nebraska Children's Home Society, a
legally incorporated humane society in this state.   The
case was taken on error to the district court, where the
order of the county court was affirmed, and the case is
brought here on appeal.

The sole question for our consideration is this:   Does
the Mockett juvenile court bill repeal the prior act defin-
ing cruelty to children, prescribing punishment therefor,
and for guardianship of children in certain cases?   The
latter act does not in terms repeal the former.   Section 19
of the juvenile court bill is in the following words:   "All
acts or parts of acts inconsistent with .the provisions of
this act, without being or more specifically designated,
are hereby repealed.   But nothing in this act shall be con-
strued as in any manner conflicting with the compulsory
education and child labor laws of this state."   Laws 1905,
ch. 59.   If the Mockett act repeals the former, it is by im-
plication alone, and the repeal of a statute by implication
is not favored.   In *Dawson County v. Clark,* 58 Neb. 756,
it is said:   "It is a cardinal rule of construction that an
act whose provisions are general will not, unless unavoid-
able, be interpreted as to affect more particular and posi-
tive provisions of a prior act on the same subject."   In
*State v. Hay,* 45 Neb. 321, it is said:   "A subsequent
statute treating of a subject in general terms, and not ex-
pressly contradicting the more positive provisions of a
prior special act, will not be construed as a repeal by im-
plication of the latter, if any other reasonable construc-
tion can be adopted."

Again, the Mockett act contemplates that children may
be taken from their parents and placed in institutions in-
corporated under the laws of this or other states in pro-
ceedings commenced and prosecuted under other provis-
ions of our statutes.   The first paragraph of section 1 of
the act (laws 1905, ch. 59) is as follows:   "This act shall
apply only to children under the age of sixteen (16) years,
and shall not apply to children who are now, or who shall

hereafter become, inmates of a state institution, or of any training school for boys or industrial school for girls, or some orphanage, society or institution incorporated under the laws of this or some other state, unless such children shall have been placed therein under and by virtue of the provisions of this act." Our attention has not been called to, nor do we now have in mind, any acts of the legislature authorizing the commitment of minors to an incorporated humane institution, except under the provisions of the juvenile court bill and the act which we now have under consideration, and which appellants claim has been repealed, and the act to prohibit the keeping, maintaining or harboring of girls under the age of 18 years, and boys under the age of 21 years, in houses of ill fame, and to authorize any officer of the law, or the officer or agent of the Nebraska Humane Society, and all other humane or charitable societies, to compel their removal from such houses, being chapter 37a, Comp. St. 1905. It cannot be claimed that chapter 37a was repealed by the Mockett act, as it includes a class of minors not included in the Mockett act, nor in the act for the prevention of cruelty to children, namely, males up to 21 years of age, and females up to the age of 18. There was no need, therefore, for the Mockett bill to provide that it should not apply to children committed to the care of any humane institution under the provisions of chapter 37a, and the legislature could have had in mind in making this exception only children who were committed to such institutions under the provisions of the act denouncing cruelty against children, under which this prosecution was brought. If this be true, then the legislature by its own language gave us to understand that the act under which proceedings in this case was instituted was not intended to be affected in any manner by the provisions of the Mockett bill.

Again, the act now under consideration makes the conviction of the parent for its violation sufficient cause for taking from him the children under his care and control, and committing them to the custody of a humane society,

a provision for which no substitute is found in the Mockett act, and which would become inoperative if we held the act repealed by implication.

For the reason that we discover no irreconcilable conflict in the provisions of the two acts, and for the further reason that the legislature, by the language used in the first section of the Mockett bill, clearly indicated that children might be committed to the care of humane institutions by proceedings under other acts in force when the Mockett bill was passed, we think the judgment appealed from should be affirmed, and so recommend.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.