WILLIAM M. RHYN, APPELLANT, V. JOHN W. McDONALD, SHERIFF, APPELLEE.

FILED OCTOBER 22, 1908. No. 15,561.

Habeas Corpus: MISDEMEANOR: DEFECTIVE COMPLAINT. After trial and conviction for an alleged misdemeanor, a prisoner will not be liberated on a writ of habeas corpus because of the insufficiency of the complaint in said criminal proceedings, if by any possible construction of the language employed therein an offense against the law is thereby even defectively stated.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. Affirmed.

Frank T. Ransom, for appellant.

H. S. Daniel, contra.

L. D. Holmes, amicus curiæ.

ROOT, C.

This case presents much the same questions as were discussed in In re Caldwell, ante, p. 544. Relator was convicted of an alleged violation of section 241 of the criminal code, and the statement in the complaint is that relator did, in Douglas county, Nebraska, on the 15th day of December, 1907, being the first day of the week, commonly called Sunday, unlawfully engage in common labor, to wit, did sell and offer for sale cigars and newspapers, and negativing the exceptions in said statute. After a trial and conviction, application was made for a writ of habeas corpus, and upon return of the sheriff the writ was denied. In the application for the writ it was alleged that relator was deprived of his liberty contrary to law, and contrary to the constitution of the state of Nebraska, but in none of the assignments of error or in the brief in this court is the claim made that section 241, supra, is unconstitutional.

Relator's counsel has filed an elaborate argument to demonstrate that the acts charged in the complaint do not constitute common labor, and hence defendant was not tried for any offense against the laws of the state. Respondent's counsel has likewise presented a well-considered brief demonstrating that the aforesaid acts do amount to common labor within the meaning of said section 241. Friends of the court have also volunteered their assistance, and, upon the identical point presented to the police magistrate, and necessarily decided by him, we have been fully advised. We do not think it necessary for us to decide, and we do not determine, whether the decision of the magistrate was erroneous or not, but we do hold, for the reasons set forth in *In re Caldwell, supra*, that said judgment was not absolutely void, but that it is sufficient to repel this collateral attack thereon.

We therefore recommend that the judgment of the district court be affirmed.

EPPERSON, GOOD and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.