CORWINA R. MILLS, APPELLANT, V. JOHN H. BUNDY ET AL., APPELLEES.

FILED DECEMBER 23, 1920. No. 21184.

Taxation: SCAVENGER ACT: DEED: LIMITATIONS. Under section 6615, Rev. St. 1913, where one holds possession of real estate for a period of five years, claiming title thereto under a treasurer's deed issued under proceedings had under the scavenger act, no action can be maintained against said person to recover the title to said land, even though the deed is void for jurisdictional defects.

APPEAL from the district court for Garfield county: JAMES R. HANNA, JUDGE. Affirmed.

William J. Hotz, for appellant.

Davis & Davis, contra.

TIBBETS, C.

This is an action in equity by the plaintiff against the defendants to recover possession of the southwest quarter of section 12, township 24 north, range 13 west of the sixth principal meridian, in the county of Garfield, state of Nebraska, and to redeem from a treasurer's deed based upon the so-called scavenger tax proceedings. Judgment for defendants, and plaintiff appeals.

The above-described premises were sold at tax sale November 12, 1906, under the scavenger act. The tax sale certificate was assigned to R. I. Holson. The final notice of confirmation of sale was dated June 15, 1908, and directed to C. R. Mills, as owner. The affidavit for service by publication designated the owner as C. R. Mills. The

county assessment roll designated the owner as C. R. Mills, and in all the proceedings to final confirmation the owner was so designated, while the record title to the premises stood in the name of Corwina R. Mills. On the 10th day of December, 1908, the sale was confirmed and the county treasurer of Garfield county ordered to execute and deliver to Rose I. Holson a deed to the above premises, she being the owner of the tax sale certificate. Deed was duly issued, and Rose I. Holson and husband conveyed the said premises to defendant John H. Bundy on the 18th day of September, 1909, who, with his wife, defendant Mossie Bundy, mortgaged the same to defendant W. S. Bundy on March 29, 1914, to secure the payment of the sum of $800. The petition in this case sets out numerous grounds on which plaintiff predicates her right of recovery, but in the trial and her brief filed in this court plaintiff has abandoned all but one ground, i. e., the final notice directed to, and service had on, C. R. Mills, as owner, was insufficient to meet the requirements of section 6605, Rev. St. 1913. At all times mentioned the title stood in the name of Corwina R. Mills on the records in the office of the register of deeds, and in the name of C. R. Mills on the county assessment roll, while said section provides that service of final notice shall be on the owner.

The record discloses that plaintiff obtained a deed to the land in question on the 22d day of November, 1899; that for some time previous to 1906 the plaintiff had failed and neglected to pay the taxes on the same as they became due, and they were sold for taxes in 1906, and that plaintiff continued to disregard her obligations as a taxpayer, and has at no time offered to redeem said premises from the tax sale until commencement of this action, December 20, 1917. If plaintiff's contention be correct, for years she in substance had a speculative interest in said land. If the same decreased in value, the payment of accrued taxes and interest might be more than its value, and she could allow the purchaser of the land to obtain title by adverse possession to that which had become valueless to her; if

it increased in value within the ten-year period she could redeem. The record is silent as to the relative value of this land, but the action of the plaintiff, as gained from the record, would lead us to the belief that her sudden interest in the same might have been quickened by its increased value. She is not entitled to and cannot appeal to the equity side of this court; her rights, if any, are purely of a legal nature. The contention of plaintiff is that, as the record title of said premises at the time of the service of the final notice stood in the name of Corwina R. Mills, the notice should designate the owner as Corwina R. Mills, and service should have been had upon her under that name, and that the deed was void, and she was in no wise bound by the decree of confirmation.

That portion of said section 6605, Rev. St. 1913, applying to the matter under consideration reads as follows: "It shall be the duty of the holder of every tax certificate, other than the state, county or city, to cause a notice, which shall be termed 'Final Notice,' to be served upon the owner as well as every person in actual occupancy of the lands or lots purchased, not less than three months nor more than six months from the expiration of the period or redemption. Such final notice shall be in the nature of process issuing out of the court having jurisdiction over the action wherein the decree was rendered. It shall be the duty of the sheriff of such county, whenever a certificate of tax sale is presented to him on which not more than six months remain of the period of redemption, to issue a final notice to the owner and occupants of the real estate described in such certificate, which notice shall be entitled in the cause and shall notify the persons therein named, and the occupants of the land, that such land was sold on a day named, under a decree of court, and that the time of redemption from such sale will expire on a certain day therein named. * * * If the true and full name of the owner or occupant is not known, it shall be sufficient to designate such person by any name or discription; or he may be designated as 'unknown.' "

Section 6579, Rev. St. 1913, as to notice of commencement of suit, contains, among others, the following provision: "There shall likewise be published in connection with such notice a complete list of the lands and lots as shown in the county treasurer's statement of delinquent taxes, and opposite each description the name of the owner as shown by the county assessment roll of the preceding year."

The final notice as cited in said section 6605 is that the notice shall issue "to the owner and occupants of the real estate described in such certificate, which notice shall be entitled in the cause."

From reading the entire act and construing its entire provisions together, we can only arrive at the following conclusions: That the assessment roll is conclusive, as far as all proceedings are concerned leading up to the deed, as to the name of the owner; that the case is to be entitled in the final notice for confirmation as the original case; and that, in order that the different sections of the act should harmonize and be consistent, the name of the owner of the premises should be designated in all of the proceedings as provided in section 6579.

"In construing a statute, an imperative rule is that effect, if possible, must be given to every clause and part of the statute." *State v. Fink*, 74 Neb. 641. *McIntosh v. Johnson*, 51 Neb. 33; *McCann v. McLennan*, 2 Neb. 286. If in one part the proceedings and parties are definitely defined and designated, while in another part of the same proceedings a different requirement is provided, it would constitute an inconsistency that could not be reconciled, and if the contention of plaintiff be correct, this condition exists in the instant case. There is no greater sanctity thrown around the final notice and no greater necessity of naming the record owner of the land than in the proceedings leading up to the certificate of sale. Furthermore, the act defines who is owner and how designated. From a critical examination of the entire act under which the title to the land was acquired by defendants, we are con-

vinced that the requirements of the statutes were complied with in regard to final notice and service thereof.

The contention of the plaintiff is that the misnomer in the notice and affidavit in which service was made gave the court no jurisdiction to render a decree of confirmation. However this may be, and however defective our reasoning is as contained in the foregoing discussion, the court did confirm the sale; deed was issued, and from 1909 until the commencement of this action, a space of over seven years, defendant Bundy has been in possession of said premises as owner, under a title based upon the decree of the court confirming said sale. Whether the decree is valid or not, during all of said time plaintiff has remained quiescent, and has not until the commencement of this action attempted to assert her rights as owner. Undoubtedly it was to meet such contingencies that section 6615, Rev. St. 1913, was enacted, which reads as follows: "No action shall be maintained against a person in possession of real estate under a recorded treasurer's deed until such person has been tendered the full amount paid at the tax sale with interest and costs and all subsequent taxes paid with interest to the date of the tender; and no action shall be maintained against a person in possession of real estate under such deed who has been in possession thereunder for a period of five years."

The case of *Delatour v. Wendt*, 93 Neb. 175, is cited by plaintiff to sustain her contention that the tax deed is void. She says in her brief: "A tax deed based thereon was void for all purposes." The above case does not so hold. What this court did say was "that the notice was insufficient, and that the deed issued in such suit was void as against the owner." The questions in the *Delatour* case did not involve the statutes of limitation involved in the instant case, and the facts in the cited case are shown in the second paragraph of the syllabus, which reads as follows: "Where one, claiming title to real estate by adverse possession, entered originally without color of title or claim of right, and the acts relied upon to show entry and occupation were con-

sistent with a mere intention to trespass from time to time until interfered with by the true owner, his testimony that he intended to take possession and hold and occupy as owner, uncorroborated by acts necessarily indicating such intention, is not sufficient to require a finding in his favor. *Knight v. Denman,* 64 Neb. 814."

Plaintiff also cites us to the cases of *Clarence v. Cunningham,* 86 Neb. 434, *Humphrey v. Hays,* 85 Neb. 239, and *Smith v. Potter,* 92 Neb. 39. We have examined the above-cited cases, and the general principles therein declared are unquestionably the law of this jurisdiction; but, granting that the deed is void for jurisdictional defects, it is not the deed alone that gives the grantee title, but the deed coupled with possession. Where title, is obtained by adverse possession for ten years, it makes no difference how defective the title may have been under which the party invoking its protection gained possession; his rights are definitely settled by statute. There was no fraud committed or attempted in the instant case. If there was a defect in the name of the owner, it was a pure mistake as to the requirements of the statutes, and not a question of fraud.

It is apparent that the intention of the legislature was to fix a definite period after which, notwithstanding any defects that might arise in the proceedings, lack of jurisdiction included, if the owner of property was so neglectful of his interest in the same as to allow it to be sold for taxes, sale confirmed, deed issued, and possession of the same held under the deed so issued for the space of five years, he was absolutely barred from maintaining an action for redemption or possession. It is not only the deed of the treasurer, but possession, that forms the basis of the defendant's right. These conditions existing are just as effective to bar the owner as that open, notorious, adverse, and hostile possession of premises for ten years perfects title in the claimant. Plaintiff has cited us to numerous holdings of this court, as to the necessity of proper service, and also of the lack of jurisdiction of the district court

to confirm the sale made under the tax certificate, but that is not the question. Conceding that the court had no jurisdiction to confirm the sale, and that the deed issued to the purchaser was void, but also conceding that the deed was, on its face, valid, and that the defendant entered upon the possession of the premises and retained the possession continuously for over five years immediately previous to the commencement of the action, is the plaintiff barred from maintaining this action by said section 6615, Rev. St. 1913? In our search we have been unable to find that this court has decided this precise question.

In the case of *Buty v. Goldfinch*, 74 Wash. 532, 46 L. R. A. n. s. 1065, in the notes at page 1068, the writer says:

"The courts agree upon the proposition that where the holder of a tax title valid upon its face takes possession legally, and holds adversely during the limitation period, his title cannot thereafter be attacked on the ground of illegality by the former owner, even as a defense." The writer also states as a conclusive proposition the following: "Also they agree that a tax deed to vacant land, valid upon its face, when recorded, gives the holder thereof constructive possession as long as the land remains vacant, and that, if such constructive possession is uninterrupted by the actual possession of the former owner during the whole limitation period and up to the time of bringing the action, the tax title cannot be attacked by the former owner, even as a defense."

In the instant case, however, there was evidence introduced to show that the party whose title depended upon the tax deed was in possession of the said premises during the five-year period immediately prior to the commencement of the action, and had actual, rather than constructive, possession.

The supreme court, in the case of *Walker v. Boh*, 32 Kan. 354, in construing the statute of Kansas, which provides that "any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of land sold for taxes, * * * except in cases where the taxes have been paid

Mills v. Bundy.

or the land redeemed as provided by law, shall be commenced within five years from the time of recording the tax deed, and not thereafter," recognized the rule as above stated with reference to constructive possession, but, on account of the fact that the plaintiff who held the tax title had been out of the state practically all of the limitation period, refused to apply the rule, and allowed the former owner to plead the illegality of the tax deed as a defense. This case was approved in *Coale v. Campbell,* 58 Kan. 480, *Harris v. Curran,* 32 Kan. 580, and *Stump v. Burnett,* 67 Kan. 589.

In the case of *Shawler v. Johnson,* 52 Ia. 472, it was held that the former owner is barred by the five-year statute of limitations from attacking the validity of a tax deed not void upon its face as a defense in an action by the holder of the deed, who was in possession during the limitation period. This was approved in *Bullis v. Marsh,* 56 Ia. 747, and *Monk v. Corbin,* 58 Ia. 503. The same in substance was held in the case of *Brunette v. Norber,* 130 Wis. 632.

In the case of *Jackson v. Neal,* 136 Ind. 173, the court in the opinion say: "In order to make the statute available as a bar, it is not essential that the tax title be a valid one. Its object was not to protect valid tax sales, but invalid ones; valid tax sales, if there are any such, need no such protection. *Smith v. Bryan,* 74 Ind. 515; *Second Nat. Bank v. Corey,* 94 Ind. 457; *Wright v. Wright,* 97 Ind. 444; *Brown v. Maher,* 68 Ind. 14; *Hatfield v. Jackson,* 50 Ind. 507; *Gray v. Stiver,* 24 Ind. 174; *White v. Clawson,* 79 Ind. 188; *Davidson v. Bates,* 111 Ind. 391; *Walker v. Hill,* 111 Ind. 223."

It is also held in North Carolina that a tax deed, although invalid for reasons which appeared upon its face, will nevertheless, under the seven-year statute of limitations, protect its holder from an action of trespass by the former owner, after he has held continuously for the limitation period the land described, in good faith, claiming title by such deed. *Greenleaf v. Bartlett,* 146 N. Car. 495.

In Michigan it is also held that, where exclusive possession has been held for five years, title is obtained thereby, although it might be conceded that the deed under which the party held was for jurisdictional reasons void, because the possessor's title is perfected by prescription under a statute which provides that no tax deeds shall be set aside or annulled after his purchaser or his successors in interest have been in possession for five years. *Pence v. Miller,* 140 Mich. 205.

The concensus of authorities is that, where one holds possession of real estate under a void tax deed, issued under judicial proceedings, for the statutory limitation period, the statute begins to run from the time possession was taken and the deed recorded, and an action cannot be maintained to set aside the title of the pretended owner.

The plaintiff is barred by the statute; she has slept on such rights as she might presume she was invested with. As stated in the well-considered opinion in the case of *Florida Finance Co. v. Sheffield,* 56 Fla. 285: "Much more may be said in support of the policy of a statute that bars the former owner's right to recover by proof of adverse possession for four years by the holder of a void tax deed than may be said in behalf of the statute that bars the former owner's right to recover by proof of adverse possession for seven years under any other color of title. When the state sells lands at tax sale, gives the purchaser a deed regular on its face, takes his money and requires him to go into the actual possession of the land so purchased for four years, causing the purchaser thereby to improve the land at his expense, before he can claim the protection of the statute of limitations, and the purchaser has complied with all the requirements of the law, the former owner who is in default should not be permitted to oust the purchaser because of the dereliction of the officials of the state. The lawmakers have declared this should not be done, good policy proclaims its wisdom, and the courts should give effect to this legislation."

We are of the opinion that under said section 6615, alone, the title to the property in question was vested in the defendant, John H. Bundy, at the commencement of this action, and that the plaintiff had no right, title or interest in the same, and therefore recommend that the judgment of the district court be affirmed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.