HERMAN M. ELLINGSON, APPELLANT, V. THE SUPERINTEND-
ENT OF THE STATE INDUSTRIAL SCHOOL FOR GIRLS, APPELLEE.
18 N. W. 2d 299

FILED APRIL 20, 1945. No. 31928.

*D. O. Dwyer* and *W. L. Dwyer*, for appellant.

*Walter H. Smith* and *Robert Waring, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE,
YEAGER, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

This is an action in habeas corpus, wherein the relator
seeks the release of his daughter from the Girls' Industrial
Home. The trial court denied the writ. The relator ap-
peals. We reverse the judgment of the trial court.

November 10, 1944, the county attorney of Cass county
filed a petition in the county court for that county, in which
he alleged that Evelyn Ellingson, age 16 years, was a de-
linquent child; that she refused to obey her parents or ac-
cept direction from them and was conducting herself in
such a manner that she was incorrigible. The petition
prayed that she be found to be a delinquent child, in accord-
ance with sections 43-201 and 43-408 (sic), Comp. St. 1929;
and that she be committed to the care of some suitable insti-
tution or to the care of some reputable citizen of good
moral character. A waiver of the issuance and service of
summons and notice was signed by the parents, in which
they requested the court to enter an order in accordance
with the prayer of the petition.

Thereafter, on the same day, a hearing was had and the
court found that Evelyn Ellingson was 16 years of age and

a fit subject for commitment to the Girls' Industrial Home at Geneva. She was ordered committed and thereafter delivered to that institution and accepted as an inmate.

The father, on November 21, 1944, filed his petition in the district court for Fillmore county, wherein he alleged, so far as material here, the age of his daughter as being past 16 and under 18 years, and the proceedings in the county court for Cass county. He further alleged that the order and warrant of commitment were null and void for the following reasons: (1) It was not shown that the judge of the district court was absent from the county and that the county court did not have jurisdiction, citing section 43-202, Comp. St. 1929, now section 43-202, R. S. 1943; (2) no summons was issued on the filing of said petition, as required by section 43-206, Comp. St. 1929, now section 43-206, R. S. 1943; (3) said minor had not pleaded guilty to and had not been convicted of a crime and was not subject to be committed to the industrial school under section 43-208, Comp. St. 1929, now section 43-208, R. S. 1943; (4) the petition did not state facts sufficient to justify the arrest and commitment of the child.

The respondent by answer admitted the age of the girl, her custody as a result of the county court proceedings, alleged that the custody was legal, and prayed that the writ be dismissed and the child remanded to the custody of the institution.

A hearing was had at which the relator introduced a transcript of the proceedings in the county court, and rested. Respondent offered no evidence. The trial court denied the writ and remanded the girl to the custody of the superintendent of the institution.

The relator here assigns error based on the second, third and fourth grounds which he alleged in his petition.

As we view this matter, the county court was without authority to commit the child to the industrial school and the other assignments need not be considered.

There was an apparent error in the citation to the statute in the petition in the county court. It is clear that the pro-

ceedings in the county court were based on section 43-208, *supra*. The question submitted in the petition for the writ and by error assignment here is whether or not the county court had jurisdiction to commit the child to the industrial school under the provisions of that section.

The pertinent provisions of the statute are: "When any child under the age of eighteen years shall be found to be delinquent, dependent or neglected within the meaning of this act, the court may make an order committing the child to the care of some suitable institution, or to the care of some reputable citizen of good moral character, or to the care of some association willing to receive it, embracing in its objects the purpose of caring for or obtaining homes for dependent or neglected children, which association shall have been accredited as hereinafter provided, or, if under the age of sixteen years, or if he pleads guilty to or is convicted of any crime, to the care of the State Industrial School." R. S. 1943, sec. 43-208.

The relator's contention is that the statute does not authorize the commitment to the industrial school of a child over the age of 16 years who has not pleaded guilty to or been convicted of a crime. The respondent's contention is that the industrial school is a "suitable institution" and that the court, under the facts shown, had the power to commit thereto a child under the age of 18.

In 1887 the Constitution provided: "The legislature may provide by law for the establishment of a school or schools for the safe keeping, education, employment, and reformation of all children under the age of sixteen years, who, for want of proper parental care, or other cause, are growing up in mendicancy or crime." Laws 1887, art. VIII, sec. 12, p. 43. The legislature in 1887 provided: "When a boy or girl of sane mind under the age of eighteen years shall, in any court of record in this state, be found guilty of any crime except murder or manslaughter, committed under the age of sixteen years, or who for want of proper parental care is growing up in mendicancy and vagrancy, or is incorrigible and complaint thereof is made and properly sus-

tained, the court may, if in its opinion the accused is a proper subject therefor, instead of entering judgment, cause and order to be entered that said boy or girl be sent to the State industrial school in pursuance of the provisions of this act, and a copy of said order under the seal of said court, shall be sufficient warrant for carrying said boy or girl to the school and for his or her commitment to the custody of the superintendent thereof." Laws 1887, ch. 74, sec. 5, p. 592. This act was before this court in *Scott v. Flowers,* 60 Neb. 675, 84 N. W. 81. It there was held that the constitutional provision was a limitation on the power of the legislature which prevented the legislature "from providing for the commitment to the industrial schools of children of any class, either of an incorrigible nature or criminals in fact if beyond the age of sixteen years"; and that section 5, *supra,* was unconstitutional and void.

Upon rehearing (*Scott v. Flowers,* 61 Neb. 620, 85 N. W. 857) reference was made to the prior decision and it was stated: "This decision was rendered on the theory that section 5 of the act of 1887 (Session Laws, 1887, ch. 74), to the extent that it assumes to authorize the commitment of children of any age who are incorrigible, but who have not been convicted of crime, is unconstitutional and void." It further was said: "The legislature did not, as was shown in the former opinion, possess the power to authorize the commitment of children over the age of sixteen years who have not been convicted of crime, and consequently the courts are without jurisdiction in such cases." This decision was filed in April, 1901.

The legislature in 1905 enacted a bill to regulate the treatment and control of dependent, neglected and delinquent children. Section 7 of that act provided, so far as pertinent here: "When any child under the age of sixteen (16) years shall be found to be delinquent, dependent or neglected within the meaning of this act, the court may make an order committing the child to the care of some suitable institution or to the care of some reputable citizen of good moral character, or to the care of an industrial school, as provided

by law; or to the care of some association willing to receive it, embracing in its objects the purpose of caring for or obtaining homes for dependent or neglected children, which association shall have been accredited as hereinafter provided." Laws 1905, ch. 59, sec. 7, p. 309.

The legislature in 1907 amended this section by changing the age from 16 to 18 years in the opening clause, by striking out the clause "or to the care of an industrial school, as provided by law", and inserting at the end after the word "provided" the words "or, if under the age of sixteen (16) years, to the care of a state industrial school." Laws 1907, ch. 45, sec. 3, p. 187.

In the opinion in *State ex rel. Tuttle v. Birdsall,* 88 Neb. 587, 130 N. W. 108, filed February 28, 1911, this court held that the county court had jurisdiction to try and determine misdemeanor cases, and that in such cases it had jurisdiction to commit the offender, if under the age of 18 years, to the industrial school if a girl, or to the reform school if a boy. On the same day that opinion was filed, there was introduced in the legislature Senate File No. 358, which became chapter 41, Laws 1911. By this 1911 act, the legislature again amended the section by inserting therein the words, "or if he pleads guilty to or is convicted of any crime * * * ." Laws 1911, ch. 41, sec. 1, p. 207. The act again was amended in 1913 by the addition of a provision authorizing payment to parents in certain cases. Laws 1913, ch. 38, sec 1, p. 133. As so amended, it became section 43-208, Comp. St. 1929, and now section 43-208, R. S. 1943.

It appears clearly that when the legislature enacted the 1905 act, it recognized the limitations upon its power as declared in *Scott v. Flowers, supra.* It also made a distinction between a "suitable institution" and "an industrial school." That distinction becomes further apparent in the 1907 act, wherein commitment of a child under the age of 18 years to a "suitable institution" is authorized, and if under the age of 16 years, commitment to the care of a "state industrial school" is authorized. That distinction again is recognized in the 1911 act and is carried forward into the provisions of the act applicable here.

This legislative intent further is shown by the provisions of section 9 of the act of 1905, *supra*, dealing with delinquent, neglected and dependent children, which provided that "the court may commit such child, if a boy, to an industrial school for boys, or if a girl, to an industrial school for girls; * * * ." Laws 1905, ch. 59, sec. 9, p. 310. This language was changed in the 1907 act, *supra*, to provide: "or the court may commit such child, if under the age of sixteen (16) years, if a boy, to the State Industrial School for Boys, or if a girl, to the State Industrial School for Girls; * * * ." Laws 1907, ch. 45, sec. 4, p. 188. In the 1911 act the last quoted language was retained and the provision inserted: "or if he pleads guilty to or is convicted of any crime, * * * ." Laws 1911, ch. 41, sec. 2, p. 208. This section again was amended in 1923 and this language used: "or the court may commit such child, if under the age of sixteen years, or if he pleads guilty to or is convicted of any crime, if a boy, to the state industrial school for boys, or if a girl, to the state industrial school for girls." Laws 1923, ch. 180, sec. 1, p. 421. This language has been retained and the amended section now appears as section 43-210, R. S. 1943.

The constitutional provision above quoted was amended in 1920 to provide: "The Legislature may provide by law for the establishment of a school or schools for the safe keeping, education, employment and reformation of all children under the age of eighteen years, who, for want of proper parental care, or other cause, are growing up in mendicancy or crime." Laws 1919, art. VII, sec. 12, p. 24.

It is to be noted that the legislature has not, since said amendment, changed the age provisions of section 43-208, *supra*, and that since said amendment of the Constitution it reenacted in 1923 the provision retaining the age limit at 16 years in section 43-210, *supra*.

To construe the act as the respondent would have us do would be to hold that the legislature did a useless act when it put the language "or if under the age of sixteen (16) years" in the 1907 act, and retained it. It would make that

language in the act redundant. The applicable rule is: " 'In construing a statute, an imperative rule is that effect, if possible, must be given to every clause and part of the statute.' *Mills v. Bundy,* 105 Neb. 470, 181 N. W. 184." *Drainage District v. Kirkpatrick-Pettis Co.,* 140 Neb. 530, 300 N. W. 582.

It necessarily follows that the legislature has not conferred jurisdiction upon nor given authority to the courts to commit to the state industrial school a child over 16 years of age, who comes within the provisions of section 43-208, *supra,* and who has not pleaded guilty to or been convicted of any crime. It further follows that the order of the county court committing Evelyn Ellingson to the Girls' Industrial School was without authority and void, and that the trial court erred in denying the writ and remanding the child to the custody of that institution. See *Rose v. Vosburg,* 107 Neb. 847, 187 N. W. 46.

The judgment of the district court is reversed and the cause remanded with directions to issue a writ in accordance with this opinion, releasing and discharging the said Evelyn Ellingson from said institution.

REVERSED, WITH DIRECTIONS.