ROCK ISLAND IMPROVEMENT CO. v. DAVIS et al.
SAME v. HOYT et al.

Nos. 29273, 29274. June 12, 1945.

*159 P. 2d 728.*

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, all of Oklahoma City, for plaintiff in error.

James S. Twyford, Solon W. Smith, and William J. Crowe, all of Oklahoma City, for defendants in error.

WELCH, J. This is an action in the nature of ejectment and to quiet title, consolidated with another as hereafter shown. Defendant's title is based upon a certificate tax deed.

One E. M. Bissell was the former owner of the two city lots involved. On March 17, 1920, one Pearl Rusche moved into the small house located thereon, having purchased tax sale certificates thereon. On May 4, 1921, a certificate tax deed was issued to her. She remained in possession until she conveyed the property to Choctaw, Oklahoma, & Gulf Railroad Company in 1929, when she delivered possession to said railway company. Defendant below, plaintiff in error here, claims certain oil and gas rights through subsequent conveyances from the railway company. The railway company was not a party to the suit.

On November 5, 1931, Bissell quitclaimed the property to the grantor of plaintiff Davis. The quitclaim deed to Davis is dated November 7, 1931, and these quitclaim deeds were recorded March 20, 1935.

On January 23, 1932, Bissell filed suit in the district court of Oklahoma county to accomplish substantially the same as is sought in the present suit. That suit was never tried, and on November 28, 1933, said Bissell died. That cause was not revived, and was on March 20, 1935, dismissed. The present suit was filed on said date, to wit, March 20, 1935.

On January 21, 1938, by order and permission of the court, Frederick J. Hoyt, as special administrator of the estate of E. M. Bissell, deceased, was made a coplaintiff in this action.

Trial resulted in judgment for plaintiffs, and defendant has appealed.

Defendant first contends:

"The deeds of defendant in error, J. C. Davis, were given in violation of the statutes of Oklahoma relating to champerty and because thereof he cannot maintain this action."

In that connection it points out that plaintiff must recover, if at all, on the strength of his own title, and points out further that the deeds under which Davis claims are void as champertous. We think the facts and the cited authorities support that view, but that does not dispose of the present matter because of the fact that herein the special administrator of the estate of the grantor in such deeds is a party plaintiff. The following is held in paragraph 1 of Crawford v. Lefever, 177 Okla. 508, 61 P. 2d 196:

"A grantee who holds deed made in violation of champerty statute, section 1940, O.S. 1931, may maintain action to recover lands conveyed in such deed in his name and in the name of his grantor, and on objection by adverse party to such grantee's maintaining such action in his name he may move to have his grantor made party plaintiff, or if dead, his legal representative, and it is not error for the trial court to grant such motion when timely made."

See, also, Slyman v. Alexander, 126 Okla. 232, 259 P. 224.

Defendant next contends as follows:

"The claim of defendants in error is barred for the reason that the case at bar consists of an attempt to revive cause No. 72547 in the district court of Oklahoma county, which cause of action is barred by the statutes of Oklahoma requiring the revivor of a plaintiff's action, without the consent of the defendant, to be perfected within the period of one year from the death of the

plaintiff. That the present action is therefore barred by those statutes it being merely and simply a duplication of the old case that was barred when the present case was filed."

In support thereof it cites the statute on revivor, Glazier v. Henebuss, 19 Okla. 316, 91 P. 872, and Chouteau v. Hoss et al., 118 Okla. 76, 246 P. 844. The present suit is not a continuation of the suit filed in 1932, but is a new action filed in 1935. In State ex rel. Shull, Bank Com'r, v. McLaughlin, 159 Okla. 4, 12 P. 2d 1106, it was held in paragraph 1 of the syllabus as follows:

"The failure to revive an action within a year after the death of a party is only a bar to the further prosecution of the particular action, and not an absolute bar to the recovery."

To the same effect is Griesel, Ex'r, v. Fabian, 184 Okla. 42, 84 P. 2d 634. These cases are controlling in that regard.

Defendant also contends as follows:

"The action insofar as the administrator is concerned is barred by the fifteen-year statute of limitations of Oklahoma. Also his appointment was void and a fraud on the court."

Two questions are thereby presented. The limitations question is presented upon the theory that Hoyt, the administrator, is the only person who might properly maintain the present action, and that since he did not become a party until January, 1938, he is barred by the 15-year statute of limitations, subdivision 4, of 12 O.S. 1941 § 93.

Though there is some controversy of fact as concerns adverse possession, our conclusion is based upon the assumption that Rusche and her privies held such adverse possession from the date of her tax deed, May 4, 1921.

The plaintiffs point out that the present case was filed in 1935, and within 15 years from Rusche's possession, under color of title, to wit, May 4, 1921; that the present petition when filed contained the following:

"Plaintiff further states that he is informed and believes that E. M. Bissell is dead, he having died, intestate, in the month of November, 1933, and that the names of his heirs are to plaintiff, at this time, unknown, and plaintiff hereby elects to maintain this cause of action in the name of said heirs of E. M. Bissell, deceased, and of A. Bissell, the grantor of this plaintiff, all for the use and benefit of this plaintiff."

It is also shown that Hoyt as administrator was added as a coplaintiff on January 21, 1938, and it is contended that the making of Hoyt a coplaintiff by amendment relates back to the filing of the original petition. They cite M., K. & T. Ry. Co. v. Lenahan, 68 Okla. 73, 171 P. 455; Mostenbocker v. Shawnee Gas & Electric Co., 49 Okla. 304, 152 P. 82; Polson v. Revard, 104 Okla. 279, 232 P. 435; West Chester Fire Ins. Co. v. Federal Nat. Bank, 135 Okla. 47, 273 P. 889; U. S. Fire Ins. Co. v. Whitchurch, 138 Okla. 182, 280 P. 834, and various texts. The authorities cited reasonably sustain such contention and the judgment of the trial court in that respect. No citations of authorities on the point are given by defendant. We find no error of the trial court in regard thereto.

Of the matter of the asserted void appointment of administrator, defendant filed a motion in the county court of Oklahoma county, where the appointment had theretofore been made, for the vacation of such appointment. Same was denied, and upon appeal to the district court same was considered by that court in conjunction with the action to quiet title and the action of the county court was there sustained. Upon appeal here the two cases have been consolidated.

Mr. Bissell died in Illinois, while a resident there. It is urged that the county court of Oklahoma county had no power and jurisdiction to appoint an administrator of his estate, because Bissell owned no property in Oklahoma county at the time of his death, citing 58 O.S. 1941 § 5 and 23 C.J. 1008 and 1018. The general findings of the trial

court must be regarded as adverse to defendant on the facts as concerns such ownership of property. Such general findings will be sustained unless inconsistent with the facts in the record. The only testimony taken in the matter of the application to set aside the appointment of administrator was that of the son of the deceased, who resides in Chicago.

His testimony is to the effect that his father at one time had owned several pieces of property in Oklahoma county; that he had theretofore engaged with other persons in investigations to determine what, if any, property his father owned in said county at the time of his death, and during such investigations he had given another person a waiver to appointment of administrator; that such person was originally so appointed in Oklahoma county, the present administrator having been appointed upon the death of the former; that he would not say there was not property in Oklahoma county belonging to the estate of his father, although he now knows of none, save whatever such interest might be in these lots in controversy.

It must be borne in mind that this testimony was not taken upon a hearing for appointment of administrator. It does not necessarily disclose that there was not sufficient testimony taken when the appointment was made to justify the same, nor does such testimony necessarily disclose fraud upon the court in procuring the appointment. It does disclose that the witness and his friend who was first appointed were attempting at the time to assert some claim, demand, or right, requiring legal authority for enforcement, and though such bona fide claims might later be determined unenforceable or without merit, the jurisdiction of the court in the first instance would not thereby be ousted.

The following applicable statement appears in 33 C.J.S., p. 898:

"It is not necessary that the assets relied on as furnishing a basis for local administration should be of a tangible nature, but a mere claim or right of action arising or existing and enforceable within the jurisdiction is sufficient; and a bona fide claim will support a grant of administration even though it proves invalid or unenforceable after letters are issued. . . ."

We think the finding of the trial court in that regard is amply sustained by the record.

Furthermore, the legal title to these lots remained in Bissell at the time of his death. Miller v. Grayson, 64 Okla. 122, 166 P. 1077; Lackey v. Wagner, 89 Okla. 48, 213 P. 742. He had, during his lifetime, such interest in these lots as would enable him to maintain action to recover them for the benefit of his grantee. Harjo v. Owensby, 66 Okla. 315, 169 P. 875. Such action may be maintained by his legal representative in event of his death. Crawford v. Lefever, supra. Such interest is deemed in law to have some value, tangible or intangible, and such interest and right to maintain might well become an empty one if no power existed to appoint an administrator. In re Rowley's Estate, 178 Wash. 460, 35 P. 2d 34. Statutes in such matters must be liberally construed. Gordon v. Shes, 300 Mass. 95, 14 N.E. 2d 105. Therein it is held:

"The object of appointing an administrator for estate of nonresident decedent is not to determine rights of parties interested in estate, but to have a legal representative of estate within commonwealth against whom or through whom those rights may be asserted."

The trial court did not err in affirming the county court in its denial of application to vacate the order appointing administrator.

Defendant further contends:

"The tax deed is not void and by reason thereof the action is barred by the one-year statute of limitations of Oklahoma on attacking tax deeds."

This record amply supports the general finding of the trial court to the effect that the statutory requirements relating to notice of demand and in-

tention to procure tax deed was not given the former owner. The attempted notice was by publication. No affidavit to obtain such service was made and filed and no affidavit of mailing or excuse for nonmailing was made. Such omissions render the tax deed void and not subject to the short statute of limitations. 68 O.S. 1941 § 451; Farmers Nat. Bank of Oklahoma City v. Gillis, 155 Okla. 290, 9 P. 2d 47; Claussen v. Amberg, 172 Okla. 197, 44 P. 2d 92; Gregg v. Leach, 145 Okla. 126, 292 P. 58, and Lind v. Stubblefield, 138 Okla. 280, 282 P. 365.

The judgment of the trial court is in all things affirmed.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur. HURST, V.C.J., dissents.

HURST, V.C.J. (dissenting). The purchaser at the tax sale held adverse possession of the property from 1921 to 1929. The property was subject to taxation, the taxes were not paid, and the property was not redeemed from the tax sale. The tax deed is valid on its face, and has been of record since May 9, 1921. I think the action on behalf of the former owner is barred by the two-year statute of limitations, 12 O.S. 1941 § 93 (3), and that the Rock Island Improvement Company, successor in title to the tax purchaser, has a prescriptive title under 60 O.S. 1941 § 333.

We have three statutes that have been in force since 1893, and which have a bearing on certificate tax title cases. The one-year or short statute, 68 O.S. 1941 § 455, found in the Revenue and Taxation Code, applies where land "has been sold *and conveyed by deed* for nonpayment of taxes." The regular two-year statute, 12 O.S. 1941 § 93 (3), found in the Code of Civil Procedure, applies where land is "sold for taxes." The 15-year statute, 12 O.S. 1941 § 93 (4), found in the Code of Civil Procedure, applies to all actions "not hereinbefore provided for." We should as-

sume that the Legislature intended each to have a field in which to operate, and should harmonize them. This can reasonably be done.

1. The one-year statute should be held to apply only where the land has been "conveyed" by the tax deed. A void deed does not "convey" title. A voidable deed conveys a defeasible title. Therefore, the one-year statute should be held to apply in all cases except where the tax deed is void.

2. The two-year statute applies only where the land is "sold for taxes." It would not apply if there was no sale or if there were no taxes due for which it could be sold. Thus, if the land was exempt from taxation, or if the taxes have been paid, or if the land has been legally redeemed from the tax sale, before the tax deed is issued, there would be no taxes due, and it could not be sold for "taxes." Under such circumstances, the two-year statute would not apply. But where the tax deed is valid on its face but void by reason of some procedural defect, the statute should be held to apply and to bar a recovery by the former owner where the tax purchaser has held adverse possession under his deed, and where the deed has been of record, for as long as two years. In Waterson v. Devoe, 18 Kan. 223, it was said that this two-year statute applies to actions by the former owner. The following authorities, dealing with statutes no more comprehensive than our two-year statute, support these views: Doudna v. Harlan, 45 Kan. 484, 25 P. 883; Terry v. Drainage Dist., 206 Ark. 940, 178 S.W. 2d 857; National Surety Co. v. Smith, 168 Ore. 265, 123 P. 2d 203; North American Realty Co. v. Brady, 77 Colo. 56, 234 P. 1054; Mills v. Bundy, 105 Neb. 470, 181 N.W. 184; 2 C.J. 188-189; 61 C.J. 1424-1430; 2 C.J.S. 605; 1 R.C.L. 716; 26 R.C.L. 445, note 10; 1 Am. Jur. 905.

3. The 15-year statute applies where neither of the shorter statutes is applicable. Thus it would apply to a tax deed where there had been no tax sale or where there were no taxes due. It

would probably be the statute that would apply where the tax deed is void on its face, under the view prevailing in most jurisdictions.

For the foregoing reasons, I think the action is barred by the two-year statute, and I respectfully dissent to the majority opinion.