In re REARDON'S ESTATE.
SANCHEZ v. SYKORA.

No. 33664.    April 18, 1950.

*219 P. 2d 998.*

Draper Grigsby, of Oklahoma City, for plaintiff in error.

Walter G. Wilson, of Chandler, for defendant in error.

CORN, J. This is an appeal from a judgment of the district court of Lincoln county, affirming an order of the county court appointing an administrator for the estate of Hazel Ruth Reardon, deceased.

February 3, 1948, petitioner, resident of Oklahoma county, petitioned the county court for issuance of letters of administration upon the estate of deceased, a resident of the State of California. Petitioner alleged deceased died intestate in Pottawatomie county on May 26, 1947; that she left no assets or estate in Oklahoma, except a policy of public liability and property damage insurance, issued by a California corporation licensed to do business in this state, indemnifying deceased against liability for damages arising from negligent operation of her automobile; that as a result of a collision between deceased's automobile and petitioner's vehicle he had sustained damages; that the decedent's claim for indemnity arose in Lincoln county, and that such claim constituted assets of her estate in which her heirs at law had no interest; that his claim constituted him a creditor of her estate and entitled him to seek appointment of an administrator in Lincoln county, in order to enforce his right of action against her estate.

Hearing was ordered upon the petition, and proper notice given interested parties. The contestant, who is a sister and one of decedent's heirs, objected to issuance of letters of administration upon the ground the county court of Lincoln county was without jurisdiction or authority to issue letters or appoint an administrator. Upon hearing the court found the petitioner entitled to such appointment, and then entered an order appointing one Forbis. From this order contestant appealed to the district court, where the matter was tried to the court and judgment entered sustaining the county court's order appointing an administrator. The matter was submitted to the district court upon the following stipulation of facts:

"(1) That the petitioner herein, Hubert Sykora, is a resident of 1008 N.E.

10th Street, Oklahoma City, Oklahoma County, State of Oklahoma:

"(2) That Hazel Ruth Reardon died intestate on the 26th day of May, 1947, in the City Hospital, in the City of Shawnee, in Pottawatomie County, State of Oklahoma, and that at the time of her death, the said Hazel Ruth Reardon, was a resident of 905 Cherry Avenue, in the City of Long Beach, County of Los Angeles, State of California:

"(3) That no application, or petition, for letters of administration of the estate of said deceased, Hazel Ruth Reardon, has been made elsewhere within the State of Oklahoma, and that the application, or petition herein, for letters of administration of the estate of said deceased is the first one made, or filed, anywhere within said State of Oklahoma:

"(4) That the said Hazel Ruth Reardon, deceased, left, and has no tangible estate, assets or property, anywhere within the State of Oklahoma:

"(5) That the said Hazel Ruth Reardon, now deceased, was involved in a collision of a 1939 Model Ford Pick-up truck owned and operated by the petitioner herein, Hubert Sykora, and a 1947 Model Chevrolet Club Coupe automobile owned and operated by the deceased, Hazel Ruth Reardon, about 5 miles West of the Town of Meeker, in Lincoln County, Oklahoma on U. S. Highway No. 62 on May 26th, 1947:

"(6) That at the time of said collision, the said Hazel Ruth Reardon had a Policy of Public Liability and Property Damage Insurance, which was then and there in full force and effect, issued to her by the Farmers Automobile Inter-Insurance Exchange, now known as Farmers Insurance Exchange, indemnifying said deceased, or her legal representatives, against liability to pay damages for personal injury, consequential damages and property damage caused by the negligent operation of said automobile by the said Hazel Ruth Reardon:

"(7) That said Farmers Automobile Inter-Insurance Exchange, now known as Farmers Insurance Exchange, is a foreign insurance corporation organized under the laws of the State of California, with its Home Office located at 4680 Wilshire Boulevard, Los Angeles, (54) California, and authorized to do business and operate in the State of Oklahoma, and is subject to the service of process within the State of Oklahoma:

"(8) That the petitioner herein, Hubert Sykora, files the petition for letters of administration herein as an alleged creditor of the estate of said deceased, Hazel Ruth Reardon, on account of personal injuries, consequential damage and property damage sustained by him in said collision:

"(9) That the heirs at law of said deceased, Hazel Ruth Reardon, are as set out in the petition herein."

The question sought to be raised by this appeal, as to whether the decedent's right of indemnity from her insurer under the policy was an asset, or property of her estate, within the meaning of our probate statutes (58 O.S. 1941 §1 et seq) has not been decided by this court. However, that question has been the subject of consideration by the courts of other states, as well as the Federal Courts.

Upon consideration of the record, we deem it unnecessary to pass upon that question in this case. Assuming, but not deciding, that the nonresident decedent left an estate in Oklahoma at the time of her death, and that an appointment of an administrator in the State of Oklahoma is authorized within the meaning of the statutes providing for administration proceedings, still, Lincoln county would not be the proper county under the facts in this case for the appointment to be made.

58 O.S. 1941 §5 provides as follows:

"Wills must be proved, and letters testamentary or of administration granted:

"1. In the county of which the decedent was a resident at the time of his death, in whatever place he may have died.

"2. In the county in which the decedent may have died, leaving estate therein, he not being a resident of the State.

"3. In the county in which any part of the estate may be, the decedent having died out of the State, and not resident thereof at the time of his death.

"4. In the county in which any part of the estate may be, the decedent not being a resident of the State, but dying within it, and not leaving estate in the county in which he died.

"5. In all other cases, in the county where application for lettters is first made."

Petitioner's argument is that decedent's cause of action, or claim for indemnity, arose in Lincoln county and was there enforceable under 12 O. S. 1941 §137; that such claim remained in that county after her death, thus satisfying the requirement of the statute that there be property or estate in the county. This is not an action for damages against the insurer, therefore, 12 O.S. 1941 §137 is not applicable.

We have held that an estate necessary to establish venue need not consist of tangible property; but it is sufficient that it be property rights of a substantial nature and arising and enforceable in the jurisdiction. Hoge et al. v. Hammonds, 192 Okla. 145, 134 P. 2d 559; Rock Island Improvement Co. v. Davis et al., 195 Okla. 513, 159 P. 2d 728.

Although probate courts are of exclusive original jurisdiction as to all probate matters, nevertheless, such jurisdiction is purely statutory, and only such powers as are authorized by statute may be exercised. If it be considered that decedent's right of indemnity did not constitute an asset of her estate, then under our probate statutes no right to seek appointment of an administrator could exist. However, if we assume that such right did constitute an "estate," it then becomes necessary to consider whether the county court of Lincoln county had jurisdiction to appoint an administrator.

Consideration of the statute, supra, and application of the stipulated facts to the requirements therein made as respects application of probate procedure, clearly indicates that decedent left no estate in Lincoln county as required by the statute to give probate jurisdiction.

The cause is reversed and remanded, with directions to vacate the judgment sustaining the order of the county court appointing an administrator.

DAVISON, C. J., and WELCH, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, V.C.J., and LUTTRELL, J., concur in conclusion.