## WRIGHT *v.* ROBERTS, administrator.

LITTLE, J.  1. It is not error on the part of the trial judge to reject an amendment to a petition when it appears that such amendment only embraces matter which has before been set out in another amendment previously allowed.

2. Parol evidence, offered for the purpose of showing insolvency, that one owned land in another State, and that the same was encumbered by liens greater in amount than the value of such land, is inadmissible.

3. A petition which alleged that a year's support was void, because of fraud practiced upon the ordinary and another, is not sustained when the evidence in support thereof fails to show that any fraud was practiced.

4. When an exception is taken, and the error alleged to have been committed

was in admitting "all testimony" bearing on a given subject of inquiry, the assignment of error is not properly made, because it fails to state, either literally or substantially, what was the evidence admitted.

5. When the grant of letters of administration and the setting aside of a year's support to a widow and minor children are attacked as being void on the ground that the intestate was a non-resident of this State, and at the time of his death had no property in the county where proceedings were had, such attack fails when the evidence shows that the intestate, though a non-resident, was possessed of a valuable interest in a partnership in this State, and left personal property in such county at the time of his death, and that at the time of setting apart the year's support the widow and two of the minor children resided in said county.

6. The evidence in this case was sufficient to authorize the conclusion that the petitioner was a creditor of his deceased father's estate; but it was entirely insufficient to show that the fund which went into the hands of the administratrix, or, after her death, into the hands of her administrator, or in the hands of the guardian of her two minor children, was any part of the fund which the father, while in life, held in trust for the petitioner.

7. It does not appear from any of the assignments of error embraced in the bill of exceptions that the court committed any error in rejecting or admitting evidence.

8. The evidence introduced on the trial was not sufficient to authorize a recovery or judgment in favor of the plaintiff under any of the prayers of his petition. The grant of a nonsuit on motion of the defendant was, therefore, not error.

9. The foregoing rulings dispose of the case on its merits under the assignments of error contained in the bill of exceptions.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*

Argued June 24, — Decided August 8, 1902.

Equitable petition. Before Judge Janes. Douglas superior court. November 28, 1901.

*C. J. Haden* and *J. S. James,* for plaintiff.
*Roberts & Hutcheson,* for defendant.