HOGE et al. v. HAMMONDS, Adm'r.

No. 30689. March 2, 1943.

*134 P. 2d 559.*

James C. Cheek, of Oklahoma City, for plaintiffs in error.

Wallace E. Robertson, and Everett E. Cotter, both of Oklahoma City, for defendant in error.

PER CURIAM. This action was instituted in the district court of Oklahoma county by Sam J. Hammonds, as

administrator of the estate of Mary Hoge Jordan, deceased, against A. G. Hoge, W. A. Reust, and John C. Hoge to compel them to account as surviving partners for the interest of plaintiff's decedent in a partnership in which she was a member in her lifetime and for the appointment of a receiver pendente lite. The trial court found that an accounting was proper and directed the same to be had in the county court. Motion for new trial was overruled, and defendants have perfected this appeal.

The facts which gave rise to the litigation will be briefly stated. Defendants, as copartners, operate and conduct a hardware business in Oklahoma City. Such business was organized many years ago. Mary Hoge Jordan in her lifetime was a partner in said business. On September 10, 1938, the said Mary Hoge Jordan, a nonresident of the State of Oklahoma and a resident of the State of California, departed this life intestate in the state of her residence. No administration upon her estate was ever had in California. The only property which the deceased had in Oklahoma county was her interest in the partnership of which she and the defendants were members. On petition of decedent's surviving spouse the county court of Oklahoma county, on October 9, 1939, appointed the plaintiff as administrator of the estate of the said Mary Hoge Jordan, deceased. Said administrator demanded that the defendants account to him in the manner provided by 58 O. S. 1941 § 255. The account rendered was not satisfactory and plaintiff instituted the present action. The defendants contend that the appointment of plaintiff as administrator was void as being one coram non judice, and that if the appointment was valid, an accounting shouldn't be had for the reason that settlement of the partnership affairs had been made between the defendants and the surviving spouse after the death of the said Mary Hoge Jordan. The evidence adduced at the trial consisted of testimony of the defendant A. G. Hoge and established the fact that plaintiff's decedent was a member of the partnership at the time of her death and that an accounting was proper. The trial court, however, refused to conduct such accounting or to hear the defendants upon their contentions relative to settlement alleged to have been had with the decedent's surviving spouse, and relegated the parties to the county court for further proceedings.

The defendants contend, first, that since the only estate which plaintiff's decedent had in Oklahoma county was an interest in the partnership, this is insufficient to establish the venue for his appointment, and hence he was without capacity to maintain the action. The venue of the estate of a nonresident who dies out of the state is in the county in which any part of the estate may be. 58 O. S. 1941 § 5, subd. 3. The estate necessary to establish the venue need not be of a tangible nature but may consist of any substantial property right which arises and which is enforceable in the jurisdiction (23 C. J. 1013; Louisville & N. Ry. Co. v. Herb, 125 Tenn. 408, 143 S. W. 1138; Wright v. Roberts, 116 Ga. 194, 42 S. E. 369); while upon the death of a partner the surviving partners succeed to the property of the partnership in trust for the purpose of liquidation and the administrator of the estate of the deceased may not interfere with such purposes and dispositions, he is required to include such interest in the inventory of the estate of the deceased (58 O. S. 1941 § 283), and to demand of the surviving partners the accounting provided by 58 O. S. 1941 § 255. This in our opinion is sufficient to satisfy the requirements of the venue statute, cited supra, particularly when it is shown that the partnership involved is domiciled in the jurisdiction in which letters of administration are sought. This court has not heretofore passed upon the precise questions involved but has so held in a cognate case in which stock of a domestic corporation was involved. Black Eagle Mining Co. v. Conroy, 94 Okla. 199, 221 P. 425. The case of Shaw, Appellant, 81 Me. 207, 16 Atl. 662, cited by defendants, has no application, since it was there shown that the alleged

partnership interest was a bankrupt partnership, and therefore one in which presumably any interest instead of being an asset would be a liability. We hold that the appointment of plaintiff as administrator of the estate of Mary Hoge Jordan, deceased, under the circumstances here shown, was proper.

We next consider the contention relative to error in the judgment of the district court. The county court being without jurisdiction to force an accounting (see In re Dixon's Estate, 186 Okla. 308, 97 P. 2d 559; State ex rel. Reirdon v. Marshall County Court, 183 Okla. 274, 81 P. 2d 488), the action in the district court was properly instituted, and when such court found that plaintiff's decedent had an interest in the partnership and was entitled to an accounting, it should have proceeded to cause the accounting to be made and to hear the parties fully upon all of the issues presented and then rendered such judgment as the facts warranted, for it is well settled that where equity assumes jurisdiction it does so for all purposes and will administer complete relief. The right to an accounting is one of purely equitable jurisdiction and contemplates a full and complete investigation of the mutual acts of the parties and the striking of a balance and rendition of judgment in favor of the party entitled thereto. It follows, therefore, that the judgment, insofar as it relegated the parties to the county court, was erroneous. The cause is therefore reversed and remanded to the district court, with directions to proceed to conduct the accounting as one in equity and to render such judgment as may be proper thereon.

Affirmed in part and reversed in part.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. RILEY, OSBORN, and ARNOLD, JJ., absent.