IDA NANCY LEE *vs.* ANTOINETTE G. MONKS.

Suffolk.　May 8, 1945. — September 14, 1945.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Will*, Foreign will. *Res Judicata. Constitutional Law,* Full faith and credit. *Executor and Administrator*, Ancillary.

A judgment of a California court, undisturbed by appellate courts, adjudging valid under California law and admitting to probate a will, executed in Massachusetts, of a testator who died domiciled in California, was entitled to full faith and credit in a proceeding for ancillary

probate of such will in Massachusetts, where personalty of the decedent was located, and barred one who had contested the will in the California courts from attacking its validity in the Massachusetts proceeding, irrespective of whether, had the testator died domiciled in Massachusetts and original probate had been sought here, the will would have been adjudged invalid because of revocation or otherwise under the law of Massachusetts.

The words of G. L. (Ter. Ed.) c. 192, § 10, "any additional proof as to the authenticity and execution of the will," apply to instances where a foreign will offered for allowance in Massachusetts has not previously been admitted to probate in another jurisdiction, and do not contemplate that the question of the proper execution of a will duly admitted to probate in a State other than Massachusetts where the decedent had died domiciled may be retried in a subsequent proceeding for ancillary probate in Massachusetts.

PETITION, filed in the Probate Court for the county of Suffolk on April 3, 1944.

The case was heard by *Dillon, J.*

*H. S. Avery,* (*W. E. Doherty, Jr.,* with him,) for the respondent.

*M. F. Hall,* for the petitioner.

RONAN, J. This is an appeal by Antoinette G. Monks from a decree of the Probate Court for the county of Suffolk, granting ancillary probate of the will, executed on September 22, 1913, of Allan Bradford Monks, late of San Diego, California, and granting letters testamentary to the petitioner Ida Nancy Lee, the executrix named in the will.

The record shows that Allan Bradford Monks, who was domiciled in San Diego, California, died in California on December 24, 1937. Ida Nancy Lee, a resident of San Diego, petitioned the Superior Court of California in the county of San Diego for the proof of a will executed by the decedent on September 22, 1913, in Massachusetts, while he was domiciled in Dedham in this Commonwealth, under which the entire estate was given to the said Ida. The respondent Antoinette Giraudo Monks appeared in that court to oppose the allowance of that will and to offer for probate another alleged will dated August 4, 1928, and executed by the decedent in California, in which the entire estate was given to said Antoinette. Said Antoinette went through a ceremony of marriage with the decedent in Ari-

zona on December 19, 1930. She contended that the marriage was valid and revoked the will of September 22, 1913.

The trial judge in the Superior Court of California found that the marriage was invalid under the laws of Arizona; that said Antoinette was not the widow of the decedent; that the alleged will of August 4, 1928, was invalid because of the undue influence of said Antoinette; that the will of September 22, 1913, was lawfully executed, in the presence of three attesting witnesses, by the decedent, who was of full age, competent to make a will, and free from any duress, menace, fraud or undue influence. That court on January 17, 1940, denied probate to the later alleged will, admitted to probate the will of September 22, 1913, and appointed the petitioner Ida Nancy Lee executrix. On an appeal taken by said Antoinette, the District Court of Appeal, Fourth Appellate District, State of California, on December 19, 1941, affirmed the judgment of the Superior Court.

On April 3, 1944, the petitioner Ida Nancy Lee petitioned the Probate Court for the county of Suffolk in this Commonwealth for ancillary probate of the will of September 22, 1913. Said Antoinette Giraudo Monks appeared in opposition to the petition. The judge found that said Antoinette was a party to the proceedings in California in which the said will was admitted to probate. In fact she participated actively in said proceedings. The evidence before the judge is not reported and the record does not show that the judge denied to said Antoinette an opportunity to attack the execution or validity of the will, notwithstanding the California judgment.

But, if it be assumed that the judge did deny her such an opportunity, he was right in so doing. The only property of the decedent in Massachusetts appears to be personalty, an interest in a trust fund created by the will of his grandfather. See *Barker* v. *Monks*, 315 Mass. 620. A will valid under the law of California, where the decedent was domiciled at the time of his death, governs the distribution of his personalty wherever situated. *Fellows* v. *Miner*, 119 Mass. 541, 544. *Jacobs* v. *Whitney*, 205 Mass.

477, 480. *New York Life Ins. & Trust Co.* v. *Viele,* 161 N. Y. 11, 19. *McEwan* v. *Brown,* 176 N. C. 249. *Martin* v. *Stovall,* 103 Tenn. 1. Am. Law Inst. Restatement: Conflict of Laws, § 306. Beale, Conflict of Laws, § 306.1. If the will of September 22, 1913, was such a will, it is immaterial whether it was valid under the law of Massachusetts where it was made, or not, unless of course the law of California made validity according to the law of the place of execution a condition of its validity in California. Whether it did or not, the validity of that will according to the law of California has been adjudicated in proceedings in which said Antoinette was actively a party. She cannot retry the question in Massachusetts. Art. 4, § 1, of the Constitution of the United States. *Parker* v. *Parker,* 11 Cush. 519. *Crippen* v. *Dexter,* 13 Gray, 330, 333. *Talbot* v. *Chamberlain,* 149 Mass. 57. *Hogarth-Swann* v. *Weed,* 274 Mass. 125, 131.

It is urged that our statute as to ancillary probate of foreign wills, G. L. (Ter. Ed.) c. 192, §§ 9, 10, contemplates the retrial of the question of due execution, because in § 10 it speaks of "any additional proof as to the authenticity and execution of the will" in addition to the "copy of such will and of the probate thereof, duly authenticated," mentioned in § 9. But the statute applies in some instances to a will that never has been admitted to probate in any jurisdiction, and the words relied on are intended to apply to such an instance. See *Drohan* v. *Avellar,* 276 Mass. 441. They are not intended to annul the settled rule as to the effect upon personalty of the probate of a will in the State wherein the decedent had his domicil at the time of his death. If the last sentence of R. L. (1902) c. 136, § 11, in force when the will of September 22, 1913, was executed, made the validity of the execution of a will under our law material in proceedings for ancillary probate where the will was executed in this Commonwealth, the short answer is that that sentence had been dropped from our statute before the decedent died. G. L. (1921) c. 192, § 10. G. L. (Ter. Ed.) c. 192, § 10.

It also follows from what has just been said that the

Probate Court for Suffolk County had jurisdiction to grant the petition for ancillary probate of the will of September 22, 1913. See *McCraw* v. *Simpson*, 203 Ark. 763. *Barnett* v. *Barnett*, 284 Ill. 580. Compare G. L. (Ter. Ed.) c. 191, § 5.

It is also urged that the will of September 22, 1913, was revoked, under the law of Massachusetts, by the marriage in Arizona on December 19, 1930, if that marriage was valid. G. L. (Ter. Ed.) c. 191, § 9. But the question is not whether the will was revoked under the law of Massachusetts. The question is whether the will was revoked under the law of California, where the decedent was domiciled at the time of his death. Even if under the law of California marriage might have worked a revocation, the California courts have decided that there was no revocation because there was no valid marriage. If the courts of California erred, as the said Antoinette now contends, by giving effect to an unconstitutional statute of Arizona in denying the validity of the marriage, the remedy was to be sought in the California courts or by taking the case from those courts to the Supreme Court of the United States. Antoinette Giraudo Monks exhausted those remedies without avail. *Estate of Monks*, 48 Cal. App. (2d) 603. *Monks* v. *Lee*, 317 U. S. 590, 711. The judgment in California allowing the will of September 22, 1913, stands in full force, and in the present proceeding is entitled to full faith and credit. *Christmas* v. *Russell*, 5 Wall. 290. *Fauntleroy* v. *Lum*, 210 U. S. 230. *Roche* v. *McDonald*, 275 U. S. 449. *Titus* v. *Wallick*, 306 U. S. 282. *Milliken* v. *Meyer*, 311 U. S. 457.

*Decree affirmed.*