## Richmond

THE DOMINION NATIONAL BANK, AS PROPONENT OF THE WILL OF
J. T. NUTTY, DECEASED V. TUNIS N. JONES.

March 6, 1961.

Record No. 5196.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, Snead and l'Anson, JJ.

The opinion states the case.

*John W. Edmonds, III (David J. Mays; Stuart Carter; Leonard R. Hall; Tucker, Mays, Moore & Reed,* on brief), for the appellant.

*Bradley Roberts (Stacy J. Grayson; Stant & Roberts,* on brief), for the appellee.

Eggleston, C. J., delivered the opinion of the court.

■ On June 8, 1959, in an ex parte proceeding, on motion of the Dominion National Bank, the named executor, the will of J. T. Nutty was admitted to probate in the Clerk's Office of the Corporation Court of the city of Bristol, Virginia. The order of probate recited that at the time of his death the decedent was a resident of the city of Bristol, Tennessee, "but with real estate in the city of Bristol, Virginia." Pursuant to Code, § 64-74, Tunis N. Jones, the daughter of the decedent and a "person interested," appealed from the order of probate to the Corporation Court of the city of Bristol. In her application for appeal she alleged that at the time of his death the decedent was a resident of Sullivan county, Tennessee; that he had died intestate, and that she had qualified as administratrix of his estate in the county court of that county.

After hearing the matter ore tenus the Corporation Court entered an order denying probate on the ground that although it had jurisdiction to admit the will to probate, it "should not assume jurisdiction in conflict with an existing adjudication of the probate court of the domicile of deceased." From that order the proponent bank has appealed, claiming that at the time of his death the decedent had "estate" in the city of Bristol, and that, therefore, under the express terms of Code, § 64-72, the Corporation Court of that city had jurisdiction to admit the will to probate and erred in not doing so.

The facts are not in dispute. At the time of his death on May 10, 1959, J. T. Nutty was a resident of Sullivan county, Tennessee. He was a member of a partnership firm which owned real estate and did business in the city of Bristol, Virginia, under the name of Service Mills Company. He had a bank account in the Dominion National Bank, located in the city of Bristol, Virginia, in which there was at the time of his death a balance to his credit of approximately $9,000. He also had a lockbox in that bank which con-

tained United States Savings Bonds and Treasury Bonds of a substantial amount, an insurance policy, and a negotiable note in the principal sum of $2,000.

On June 10, two days after the will had been admitted to probate in the Clerk's Office of the Corporation Court of the city of Bristol, Tunis N. Jones qualified as administratrix of the estate of the decedent in the County Court of Sullivan county, Tennessee, the certificate of qualification reciting that the decedent had died "leaving no will."

It is well settled in this State that the subject of probate of wills rests upon and is regulated by statute. *Tyson* v. *Scott,* 116 Va. 243, 250, 81 S. E. 57. Probate jurisdiction is conferred by Code, § 64-72, upon circuit and corporation courts and the clerks of such courts. This section provides that such courts and clerks "having jurisdiction of the probate of wills, shall have such jurisdiction according to the following rules: In the county or corporation wherein the decedent has a mansion house or known place of residence; if he has no such house or known place of residence, then in a county or corporation wherein any real estate lies that is devised or owned by the decedent; and if there be no such real estate, then in the county or corporation * * * *wherein he has estate.*" (Emphasis added.)

The appellant argues that the situs of the deposit in the Dominion National Bank and the bonds and of other securities found in the lockbox in that bank is in the city of Bristol, Virginia; that, therefore, at the time of his death the decedent had "estate" in that city within the meaning of Code, § 64-72, which conferred upon the lower court jurisdiction to entertain the probate proceeding, and that it should have exercised that jurisdiction and admitted the will to probate.

On the other hand, the appellee insists that since the decedent was at the time of his death a resident of Tennessee, under the general rule that the situs of intangible property follows the owner, the situs of that property, including decedent's interest in the partnership real estate, is deemed to have been at the situs of his domicile. Hence, the appellee argues, at the time of decedent's death he had no estate in the city of Bristol, within the meaning of the statute, to confer upon the lower court jurisdiction to entertain the probate proceeding.

There are well-recognized exceptions to the general rule upon which the appellee relies and for certain purposes such intangible property may acquire a situs elsewhere than at the domicile of the

owner. 15 C. J. S., Conflict of Laws, § 18-c, pp. 928, 929; *Safe Deposit & Trust Co.* v. *Commonwealth of Virginia*, 280 U. S. 83, 93, 50 S. Ct. 59, 61, 74 L. ed. 180, 67 A. L. R. 386. It is generally held that for probate purposes, under statutes such as Code, § 64-72, which give jurisdiction to a court of the locality wherein a decedent "has estate," the situs of a debt due the decedent is the residence or location of the debtor. *Commonwealth* v. *Hudgin*, 2 Leigh (29 Va.) 248; *Cannon* v. *Cannon*, 228 N. C. 211, 45 S. E. 2d 34, 35; 46 Va. Law Review, p. 1387, and cases there cited. Thus, under such a statute, it is generally held that for probate purposes the situs of a bank deposit to the credit of a decedent is the location of the bank. Beale, The Conflict of Laws, Vol. 3, § 471.9, p. 1487; *Lee* v. *Monks*, 318 Mass. 513, 62 N. E. 2d 657, 658. Similarly, for probate purposes, a partnership interest is held to be an asset where the partnership is located. *Hoge* v. *Hammonds*, 192 Okla. 145, 134 P. 2d 559, 561; *Wright* v. *Roberts*, 116 Ga. 194, 42 S. E. 369. While there is some conflict of authority on the subject, it is generally held that for probate purposes United States bonds are treated as assets where they are physically located. Beale, The Conflict of Laws, Vol. 3, § 471.7, p. 1480; *State of Iowa* v. *Slimmer*, 248 U. S. 115, 120, 39 S. Ct. 33, 63 L. ed. 158.

Thus the deposit to the credit of the decedent in the bank located in the city of Bristol, Virginia, the United States Savings Bonds and Treasury Bonds found in the lockbox in that bank, and the location in the same city of the partnership business in which the decedent was interested, constituted such "estate" within the meaning of Code, § 64-72, as to give the lower court jurisdiction to entertain a proceeding to admit the will to probate. Accordingly, we agree with the lower court's holding to this effect.

■ We also agree with the holding of the lower court that although it had jurisdiction to entertain the probate proceeding and admit the will to probate, it was not compelled to do so. As is pointed out in 95 C. J. S., Wills, § 352-c, p. 203, "Statutes authorizing probate in jurisdictions where property is situated do not impose a mandatory duty on the courts to entertain jurisdiction in original proceedings to probate a foreign will merely because there are assets within the jurisdiction, the courts, in the exercise of their sound discretion, having the right to assume, or to refuse to entertain, jurisdiction." The same view is thus expressed in Page on Wills, Vol. 2, § 573, p. 82: "Unless the peculiar circumstances of the case make it

necessary for the court of the state, within which the testator's personal property is, to admit his will to probate without awaiting the action of the court of his domicile, the courts of the state where the property is may decline to exercise their jurisdiction to admit the testator's will to probate, and may await the action of the court of his domicile." See also, 57 Am. Jur., Wills, § 770, p. 526; Restatement, Conflict of Laws, § 469, p. 569; *Id.*, § 470(1), p. 570; Annotation, 119 A. L. R. 507.

Among the leading cases supporting this view are, *Payne* v. *Payne*, 239 Ky. 99, 39 S. W. 2d 205, 208; *Rackemann* v. *Taylor*, 204 Mass. 394, 90 N. E. 552; *In re Lamborn's Estate*, 6 N. Y. S. 2d 192, 168 Misc. 504, affirmed 7 N. Y. S. 2d 226, 255 App. Div. 755, 280 N. Y. 504, 19 N. E. 2d 917; *In re Holden's Estate*, 110 Vt. 60, 1 A. 2d 721, 723, 119 A. L. R. 487.

In the present case it is conceded that there is no real estate in Virginia which would pass under the will. Neither does the record disclose the existence of creditors in this State who might have claims against the intangible personal property held here. In short, there are no peculiar circumstances which require the probate of the will in Virginia.

On the other hand, admittedly the proper court in the State of Tennessee, the state of the decedent's domicile, has assumed jurisdiction of the administration of his estate. In that situation and in the absence of impelling reasons why the Virginia court should assume jurisdiction, the will should be submitted in the first instance to the forum at the domicile of the decedent. *In re Holden's Estate, supra,* 1 A. 2d, at page 722; *Rackemann* v. *Taylor, supra,* 90 N. E., at page 556; *Payne* v. *Payne, supra,* 39 S. W. 2d, at page 208.

As the lower court correctly pointed out in its written memorandum, the fact that administration in Tennessee came two days after the entry of the Virginia clerk's order of probate is immaterial. On the appeal from the clerk's order the lower court heard the matter *de novo* (*Tyson* v. *Scott, supra,* 116 Va., at page 251) and consequently the propriety of its ruling is to be determined as of the time of that hearing.

For these reasons the order appealed from is

*Affirmed.*