405 P.2d 413

Arturo VIRAMONTES, Special Administrator of the Estate of Pablo Viramontes, Deceased, Petitioner-Appellee,

v.

Isabel H. VIRAMONTES, Individually and as Guardian for Maria Isabel Viramontes, an incompetent, Paula Elvira Viramontes, Pablo Viramontes, Lorenzo Viramontes and Maria Teresa Viramontes, minors, Respondents-Appellants.

No. 7641.

Supreme Court of New Mexico.

Aug. 30, 1965.

Charles A. Windberg, Jr., Frank H. Hunter, El Paso, Tex., Mary S. Goggin, Las Cruces, for respondents-appellants.

William J. Mounce, Gus Rallis, El Paso, Tex., for petitioner-appellee.

COMPTON, Justice.

This appeal is from an order of the district court of Luna County, New Mexico authorizing the withdrawal of the last will and testament of Pablo Viramontes, deceased, from original probate in Luna County, New Mexico, and directing the proceeding for probate to be instituted in El Paso County, Texas. The pertinent statute, § 31–1–3, 1953 Comp., in part, provides:

"Letters testamentary and of administration *shall* be granted in the county in which the mansion, house or *place of abode* of the deceased is situated. * * *" (Emphasis ours.)

The principal issue is whether the decedent was domiciled in Luna County, New Mexico, or in El Paso County, Texas, at the time of his death on August 31, 1962. In determining this crucial question we must look to the testator's intent at the time of the making of the will, together with his acts, conduct and the surrounding circumstances.

■ The court found and concluded that the decedent was a resident of and domiciled in El Paso County, Texas. The evidence is not in dispute and in this situation our review on appeal is limited to a determination whether the evidence considered as a whole affords substantial support for the court's conclusion. Respondents contend that the deceased was a resident of Luna County, New Mexico at the time of his death; conversely, the appellee contends that he was then domiciled in El Paso, Texas.

Pablo Viramontes died August 31, 1962 in El Paso, Texas. Previously, on March 30, 1961, he went to his attorney in Deming, New Mexico, where his last will and testament was prepared naming seven children, five of whom lived in Luna County and two of whom lived in El Paso, Texas as his only heirs. He designated his son, Arturo Viramontes, then living in Deming, New Mexico, as executor. Arturo Viramontes proceeded to have the will probated in Luna County. While probate proceedings were pending and prior to hearing, the respondent, on November 27, 1962, filed claims of heirship for herself as his wife and for their five pretermitted minor children. Thereupon, Arturo Viramontes petitioned the court for leave to withdraw the will from probate in Luna County. The petition was resisted by the respondents and, following a hearing on the issue

of domicile only, the questioned order was granted, and this appeal followed.

Respondents rely principally on three facts which they claim is indicative of the testator's intent that he was domiciled in New Mexico at the time of his death, (a) the phrase in the preamble to the testator's will "that I, Pablo Viramontes, now residing at Deming, Luna County, New Mexico," (b) Arturo Viramontes' statement in his petition to probate the will that the decedent at the time of his death "was an inhabitant and resident of Deming, Luna County, New Mexico," and (c) that the decedent had registered to vote in Luna County in 1950 and had his registration reinstated in 1959. Standing alone this evidence would have been sufficient to sustain a conclusion different from that reached by the court, but when viewed in the light of other evidence, a contrary conclusion clearly finds substantial support.

■ Long prior to making the will, the testator, while married to Delfina L. Viramontes, had purchased a residence in Deming, Luna County, New Mexico, but they sold it in 1951 and moved back to El Paso, Texas. He was divorced from Delfina L. Viramontes, mother of appellees, in 1959, after which he continued to reside in El Paso, Texas, where he conducted farming operations on a 50–50 rental basis. While he owned valuable farms in Luna County, they were in the hands of tenants. He only

visited Luna County in connection with the operation of his farms. Sometimes he would bring the respondents with him and occupy a furnished house on one of the farms. At no time did he ever exercise the right to vote in Luna County, had he intended to do so. He and respondent, Isabel H. Viramontes, publicly cohabited in El Paso, Texas, beginning as early as 1950. By agreement of the parties, he was buried in El Paso, Texas. It is not denied that the testator is the father of the five minor respondents with whom he lived in El Paso, Texas. Further, Arturo Viramontes in his petition to withdraw the will stated under oath that he "has discovered that the decedent was not in truth and in fact, a bona fide resident in good faith, of the State of New Mexico, nor did he have his domicile therein at the time of his death." He testified accordingly in support of his petition.

Moreover, Article 667-5, Texas Liquor Control Act, (Vernon's Texas Penal Code) in part, provides:

"Application for license

"Any person may file an application for a license as a Manufacturer, Distributor or Retail Dealer of beer in vacation or in termtime with the County Judge of the county in which the applicant desires to engage in such business. The County Judge *shall* refuse to approve the application for such license if he has reasonable grounds to believe and finds any of the following to be true: (Emphasis ours.)

\*     \*     \*     \*     \*     \*

c(f) That the applicant is not a citizen \* \* \* of Texas for a period of three (3) years immediately preceding the filing of his application, \* \* \*."

In May, 1962, the testator applied for and was issued a license by the Texas Liquor Control Board to operate a liquor establishment at "Pablo's Friendly Tavern," which he owned and operated in El Paso, Texas, at the time of his death. If there were any doubts as to the testator's place of domicile prior to May, 1962, his act in applying for the Texas license, when considered with his other acts and conduct reviewed above, is enough to support a conclusion that he was domiciled in Texas and had been for at least 3 years prior thereto. It was his last expression on the subject made some three months before his death.

We think the court's conclusion that the decedent was a resident of and domiciled in Texas was well founded and should be sustained. Compare Allen v. Allen, 52 N.M. 174, 194 P.2d 270; Berry v. Hull, 6 N.M. 643, 30 P. 936; Hiatt v. Lee, 48 Ariz. 320, 61 P.2d 401, 107 A.L.R. 444; State of Texas v. State of Florida, 306 U.S. 398, 59 S.Ct. 563, 830, 83 L.Ed. 817; In re Dorrance's Estate, 309 Pa. 151, 163 A. 303.

The further contention is made that aside from the question of domicile, there were peculiar circumstances which required the will to be probated in Luna County, New Mexico in advance of probation in Texas. Assuming without deciding that the court was vested with the power to probate the will originally in New Mexico, we fail to find any basis for this claim. On the other hand, the testator's financial interest was at stake in the tavern in El Paso, Texas, and perhaps in certain real estate purchased by Isabel H. Viramontes and the testator in El Paso, Texas in 1950 at 618 Missouri Street, where they resided, title to which was taken in her name and as trustee. On the purchase price apparently there is a balance of $17,000.00 due, evidenced by a promissory note signed by the testator. We conclude that there was no abuse of discretion in denying original probate in Luna County. Compare Payne v. Payne, 239 Ky. 99, 39 S.W.2d 205; In re Eaton's Will, 186 Wis. 124, 202 N.W. 309; Rackemann v. Taylor, 204 Mass. 394, 90 N.E. 552; Dominion National Bank v. Jones, 202 Va. 502, 118 S.E.2d 672. Also see 95 C.J.S. Wills § 352 c, page 203.

The order should be affirmed. It is so ordered.

CHAVEZ and MOISE, JJ., concur.

CARMODY, C. J., and NOBLE, J., dissenting.

CARMODY, Chief Justice, and NOBLE, Justice (dissenting).

We agree that the determination of whether the trial court properly declined probate of the Viramontes will turns upon whether the decedent, at the time of his death, was domiciled in Luna County, New Mexico, or in El Paso County, Texas, and that in arriving at that determination we must look to the testator's intent at the time of the making of the will, and to his acts, conduct and the subsequent surrounding circumstances to determine whether a change of domicile occurred since execution of the will.

It appears to be conceded that the decedent owned valuable farm land in Luna County for many years prior to his death and that he lived and had his domicile there. A domicile once acquired is presumed to continue until it is shown to have been changed. Allen v. Allen, 52 N.M. 174, 194 P.2d 270; Shilkret v. Helvering, 78 U.S.App.D.C. 178, 138 F.2d 925 (1943); In re Ingersol's Estate, 128 Mont. 230, 272 P.2d 1003.

The majority seem to agree that at one time decedent's domicile was Luna County, but they point to the trial court's conclusion of law that at the time of his death he was domiciled in Texas and say that this determination is substantially supported by the evidence. However, as the majority point out, the evidence is not in dis-

pute. Domicile is a question of both law and fact, and where, as here, the facts are undisputed, the decision turns upon legal principles and is reviewable as a matter of law. Allen v. Allen, supra.

The decedent kept a home at his farm to which he and his family frequently came for visits or short periods. Mere absence from a fixed home, however long continued, cannot work a change in domicile. In Allen, we quoted with approval from Shilkret v. Helvering, supra:

"'* * * "There must be the animus to change the prior domicile for another. Until the new one is acquired, the old one remains. These principles are axiomatic in the law upon the subject."'"

Notwithstanding the testator's recital in the will executed in 1961 that he was a resident of Deming, New Mexico; of the fact that in 1950 he registered to vote in Luna County, and in 1959 renewed that voting registration, the majority insist that the court's determination of domicile in Texas is substantially supported by the fact that he owned a beer and wine license in El Paso. The majority quote portions of the Texas statute which they say required the decedent to assert that he had been a "citizen" of Texas for at least three years preceding the application. The statute does not set forth the form of such application, nor is there any evidence that the decedent signed any statement whatever in connection with such license, or otherwise that he was or had been a "citizen" of Texas. The only statutory requirement is that the county judge shall refuse approval to an applicant "if he has reasonable grounds to believe and finds any of the following to be true." Then follow 16 reasons for rejection, including failure to be a "citizen" of the United States or not having been a citizen of the State of Texas for three years. Absent proof in the record that Viramontes did sign a statement asserting his citizenship in Texas, there is an absence of substantial evidence to support the conclusion of domicile reached by the court. As a matter of fact, there is no proof that decedent made an original application for the license he was said to own. So far as the record discloses, he may have acquired it from a prior owner, and we are not advised as to the Texas law respecting a transfer of an existing license.

State of Texas v. State of Florida, 306 U.S. 398, 59 S.Ct. 563, 83 L.Ed. 817, 121 A.L.R. 1179 (1939) (Further decree 59 S.Ct. 830), is clearly distinguishable upon its facts. The court there said that the decedent claimed a Texas domicile, although living in Florida and Massachusetts most of the time, in order to avoid payment of state income tax. Hiatt v. Lee, 48 Ariz. 320, 61 P.2d 401, 107 A.L.R. 444, is likewise distinguishable upon the ground

that decedent's only reason for residence in California was due to health. Furthermore, in Hiatt, the testimony was in direct conflict.

Under the circumstances here present, the substantial evidence rule has no application, and, as a matter of law, we think there is an absence of proof of the animus to change the prior domicile. Denial of probate of the will for the reason given in the judgment appealed from was erroneous. For these reasons, we must dissent.