PRESENT: All the Justices

JAMES BRIAN TAYLOR

                                                     OPINION BY
v.  Record No. 210935                 JUSTICE STEPHEN R. McCULLOUGH
                                           October 13, 2022

AIDS-HILFE KOLN E.V., ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Phillip L. Hairston, Judge


Upon consideration of the record, briefs, and argument of counsel, for the reasons set forth below, the Court is of opinion that the judgment below should be affirmed in part and reversed in part.

The circuit court for the City of Richmond admitted to probate the will of James A. Towsey, who held dual citizenship in Germany and in the United States. The court also appointed an administrator for the estate and awarded the proceeds of a brokerage account to a German charity. James Brian Taylor, Towsey's nephew, who was designated as a payee on the brokerage account owned by Towsey, challenges these decisions on a number of grounds. We conclude that the circuit court properly admitted the will to probate and appointed an administrator for Towsey's estate. In all other respects, we reverse and vacate the decision of the circuit court.

BACKGROUND

Towsey, who lived in Cologne, Germany, wrote a will dated August 22, 2000. Towsey's wife died in 2015. Towsey passed away in November of 2019. Aids-Hilfe Koln, e.V., is a charitable entity located in Germany. Aids-Hilfe claims that it is the sole heir of Towsey's estate.

Towsey owned a brokerage account with Morgan Stanley. The account is held by a Morgan Stanley branch in Richmond. On January 20, 2018, Towsey signed a transfer on death designation that identifies Taylor and his wife as the beneficiaries of the Morgan Stanley account.

Aids-Hilfe filed a petition, which was amended twice in the circuit court of the City of Richmond, in which it asked the court to admit Towsey's will to probate, appoint an administrator c.t.a., invalidate Taylor's designation as the beneficiary of Towsey's brokerage account, and, invoking the Uniform Foreign-Country Money Judgments Recognition Act, Code § 8.01-465.13:1 *et seq.*, recognize the judgment of a German court granting Aids-Hilfe a certificate of heirship.

Taylor filed a demurrer to the petition, contending among other things that the factual allegations of the petition were deficient to show that Towsey has estate in the City of Richmond or that Aids-Hilfe is a substantial legatee, and disputing Aids-Hilfe's claim that the transfer on death designation was invalid. The circuit court overruled the demurrer.

Aids-Hilfe moved for summary judgment, asserting that the German court had determined that it was entitled to the proceeds of the brokerage account. According to Aids-Hilfe, Towsey was incapacitated when he made the transfer on death designation naming Taylor as a beneficiary of the brokerage account. Taylor responded that summary judgment was inappropriate because, first, the German judgment was not eligible for recognition under the Uniform Foreign-Country Money Judgments Recognition Act, as the German Court did not "[g]rant[] or den[y] recovery of a sum of money," Code § 8.01-465.13:2(A)(1); second, a necessary party, Taylor's wife, who was designated as a 50% beneficiary of the brokerage account, was not a named party; third, the German court had not, in fact, determined that

2

Aids-Hilfe was entitled to the proceeds of the brokerage account; fourth, Aids-Hilfe lacked standing to litigate on behalf of the estate; and, finally, Taylor argued that Aids-Hilfe should be judicially estopped from seeking to set aside Towsey's transfer on death designation based on statements made by Aids-Hilfe's lawyer in the German court proceeding.

The circuit court granted Aids-Hilfe's motion for summary judgment. It entered a final order admitting the will to probate, appointing an administrator, recognizing the German judgment, and awarding the proceeds of the brokerage account to Aids-Hilfe. This appeal followed.

ANALYSIS

I. THE CIRCUIT COURT PROPERLY ADMITTED THE WILL TO PROBATE AND APPOINTED AN ADMINISTRATOR.

Taylor contends that the trial court erred in overruling his demurrer. He argues that the allegations of the petition are insufficient to set forth a claim that Towsey had estate in Richmond or that Aids-Hilfe is a substantial legatee.

We review a circuit court's judgment overruling a demurrer de novo. *Coutlakis v. CSX Transp., Inc.*, 293 Va. 212, 216 (2017) (quoting *Abi-Najm v. Concord Condo., LLC*, 280 Va. 350, 356-57 (2010)). When reviewing such a judgment, we "accept as true all factual allegations expressly pleaded in the complaint and interpret those allegations in the light most favorable to the plaintiff." *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018). Furthermore, we draw any reasonable inferences arising from the express factual allegations of the complaint in the plaintiff's favor. *Id.; Coutlakis*, 293 Va. at 216. "The purpose of a demurrer is to determine whether a [complaint] states a cause of action upon which the requested relief may be granted. A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Coutlakis*, 293 Va. at 216 (alteration in original) (quoting *Abi-Najm*, 280 Va. at 356-57). A

3

circuit court "is not permitted on demurrer to evaluate and decide the merits of the allegations set forth in a . . . complaint." *Riverview Farm Assocs. Va. Gen. P'ship v. Board of Supervisors*, 259 Va. 419, 427 (2000). Rather, the circuit court's duty is to "determine whether the factual allegations of the . . . complaint are sufficient to state a cause of action." *Id.* With respect to summary judgment, a court should grant it only when there is no genuine issue of material fact in dispute and "the moving party is entitled to judgment as a matter of law." *Andrews v. Ring*, 266 Va. 311, 318 (2003).

Code § 64.2-443(A) provides in relevant part that "[t]he circuit courts shall have jurisdiction of the probate of wills. A will shall be offered for probate in the circuit court in the county or city wherein the decedent . . . has estate." Aids-Hilfe alleged that Towsey has estate in Richmond, namely, a brokerage account. Ordinarily, a brokerage account subject to a transfer on death designation passes outside of the estate. *See* Code §§ 64.2-616 and -618. Aids-Hilfe acknowledged that Taylor was designated as the beneficiary of that account but claimed that the transfer on death designation was invalid because Towsey lacked the capacity to make such a designation – and therefore the brokerage account should be part of the estate. Aids-Hilfe specifically alleged that, following a proceeding in a German court, Towsey was found to be incapacitated, and that the German court appointed the equivalent of a Conservator. Aids-Hilfe alleged that, in the proceeding in Germany, an expert testified that Towsey was incapable of entering into business transactions and Aids-Hilfe alleged that Towsey was not capable of managing his own affairs. Aids-Hilfe alleged that Towsey was incapacitated when he made his transfer on death designation for Taylor and his wife. These allegations are sufficient to claim that Towsey "has estate" in Richmond, that his will should be probated, and that an administrator

4

should be appointed. *Cf. Dominion Nat'l Bank v. Jones*, 202 Va. 502, 504-05 (1961) (decedent had "estate" in the city where he had a bank account).

Code § 64.2-500(A) provides as follows:

> If the will does not name an executor, or the executor named refuses to accept, fails to give bond, or dies, resigns, or is removed from office, the court or clerk may grant administration with the will annexed to a person who is a residual or substantial legatee under the will, or his designee, or if such person fails to apply for administration within 30 days, to a person who would have been entitled to administration if there had been no will.

Taylor argues that the allegations in the petition are insufficient to establish that Aids-Hilfe is a "substantial legatee." We disagree. Aids-Hilfe alleged that it is Towsey's sole heir. As the sole heir, it qualifies as a "substantial legatee" for purposes of Code § 64.2-500(A).

Finally, Taylor argues that judicial estoppel precludes Aids-Hilfe from claiming that the brokerage account is part of the estate. Before the German Court, counsel for Aids-Hilfe stated:

> the bank account would, in this case, be excluded from the estate and would pass directly to the beneficiary or beneficiaries . . . according to the rules of German law. . . . [W]hether the nephew Brian Taylor and his wife are the beneficiaries of the Testator's bank account with Morgan Stanley is therefore irrelevant.

App. 229-230. "[J]udicial estoppel forbids parties from 'assum[ing] successive positions in the course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other, or mutually contradictory." *Lofton Ridge, L.L.C. v. Norfolk S. Ry. Co.*, 268 Va. 377, 380-81 (2004) (alteration in original) (quoting *Burch v. Grace St. Bldg. Corp.*, 168 Va. 329, 340 (1937)). The context of the overall statement makes it clear that Aids-Hilfe did not concede the validity of the transfer on death designation. Aids-Hilfe did not stake out mutually contradictory positions. Judicial estoppel therefore does not foreclose Aids-Hilfe's petition.

5

We affirm the circuit court's decision to admit the will to probate and to appoint an administrator.

II.    THE REMAINDER OF THE CIRCUIT COURT'S DECISION IS VACATED.

In Count II of the complaint, Aids-Hilfe asserted that Towsey lacked the capacity to designate Taylor as a beneficiary of the brokerage account, and it sought to invalidate this designation. Taylor assigns error to this ruling. We agree with Taylor that the circuit court erred. Any such challenge would have to be brought by the administrator of the estate, not a purported beneficiary of the will. "The personal representative, not a beneficiary of the estate, is the proper party to litigate on behalf of the estate." *Burns v. Equitable Assocs.*, 220 Va. 1020, 1028 (1980).[1] Moreover, the question of a beneficiary's standing to maintain such an action is "governed by the law of Virginia" – not the law of Germany. *Ricketts v. Strange*, 293 Va. 101, 106 (2017) (quoting *Kocher v. Campbell*, 282 Va. 113, 117 (2011)). Aids-Hilfe was not entitled to judgment as a matter of law. To the contrary, it lacked standing to pursue this claim. Consequently, we reverse the decision of the circuit court granting Aids-Hilfe summary judgment on this count.

In Count III of the complaint, Aids-Hilfe asked the circuit court to recognize a foreign judgment, namely the determination of a German court that Aids-Hilfe is entitled to a certificate of heirship. Aids-Hilfe contends that the Uniform Foreign-Country Money Judgments Recognition Act compels recognition of this judgment. The circuit court agreed. Taylor challenges this holding, noting that the Uniform Foreign-Country Money Judgments Recognition

---

[1] The term "personal representative" includes an administrator appointed by the court. *See* Code § 1-234.

Act, by its terms, applies only when a foreign court has "[g]rant[ed] or denie[d] recovery of a sum of money." Code § 8.01-465.13:2(A)(1). We agree with Taylor.

On appeal, we review a trial court's interpretation of a statute de novo. *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007). On its face, the judgment of the German court does not "[g]rant[] or den[y] recovery of a sum of money." Code § 8.01-465.13:2(A)(1). The German Court granted Aids-Hilfe a certificate of heirship, concluding that it was the sole heir of Towsey's estate. Declaring a person or entity to be an heir is not the same as granting or denying "recovery of a sum of money." An estate may be insolvent, or it may consist of personal property or real property. Furthermore, although Aids-Hilfe contended below that the German court adjudicated ownership of the brokerage account in its favor, the record refutes this contention. The German court specifically declined to rule on the issue.

The Uniform Foreign-Country Money Judgments Recognition Act does not apply when the foreign judgment fails to grant or deny recovery of a sum of money.[2] In this instance, the German court, in granting Aids-Hilfe a certificate of heirship, did not grant or deny that organization a sum of money.[3] Therefore, the circuit court erred in granting Aids-Hilfe summary judgment.[4]

---

[2] We express no opinion concerning whether the administrator of Towsey's estate can domesticate the judgment of the German court by some other means.

[3] There may be instances when a determination that a person or entity is an heir is tantamount to a judgment granting or denying recovery of a sum of money. We do not address the issue of whether the Uniform Foreign-Country Money Judgments Recognition Act might apply in such a circumstance. The case before us does not present that situation.

[4] In light of our disposition, we need not address Taylor's arguments that the circuit court erred in proceeding without an indispensable party and prematurely granted summary judgment when there remained unresolved disputes of material fact.

CONCLUSION

We will affirm the decision of the circuit court admitting the will to probate and

appointing an administrator for Towsey's estate.  We will reverse and vacate the judgment of the

circuit court granting relief on Counts II and III of the complaint, and we enter final judgment.[5]

*Affirmed in part,*
*reversed in part,*
*and final judgment.*

---

[5] As a result of our holding, Aids-Hilfe cannot make any immediate demand on Morgan Stanley for payment of the funds in the brokerage account.  This necessarily moots the need for a stay.  Accordingly, we lift the stay we previously entered in this appeal.